## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60873-CV-MIDDLEBROOKS

RODNEY HUNTER,

      Plaintiff,

v.

BROWARD COUNTY SHERIFF'S OFFICE,
*et al.,*

      Defendants.

_____/

## <u>ORDER SCREENING CIVIL RIGHTS AMENDED COMPLAINT</u>
## <u>UNDER THE PRISON LITIGATION REFORM ACT ("PLRA")</u>

**THIS MATTER** is before the Court on *sua sponte* review of Plaintiff's Rodney Hunter's

("Plaintiff") *pro se* civil rights Amended Complaint filed pursuant to 42 U.S.C. § 1983 ("Amended

Complaint") alleging violations of his constitutional rights while a pre-trial detainee confined at

the Broward County Main Jail ("Broward Jail").   (DE 7).   The Plaintiff sues the following

Defendants in their individual and official capacities:   Broward County Sheriff's Office ("BCS

Office"), Sergeant Quest ("Sgt. Quest"), Officer Lamar ("Ofcr. Lamar"), Officer St. Fard ("Ofcr.

St. Fard"), Officer Anda ("Ofcr. Anda"), Jane Doe Nurse Practitioner ("Nurse Doe"), all working

at the Broward County Main Jail.  (*Id.* at 1, 2-4).

      For the reasons discussed below, the Amended Complaint shall proceed, in part, on

Plaintiff's excessive use of force, deliberate indifference, and punitive damages claims.

### I.  STANDARD OF REVIEW

      *Pro se* pleadings must be liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520–21

(1972) (per curiam); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per

curiam). However, the leniency afforded *pro se* litigants does not permit a court to construct a litigant's legal arguments or otherwise rewrite deficient pleadings in order to sustain an action. *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011).  Even when liberally construed, *pro se* pleadings "must still comply with procedural rules governing the proper form of pleadings." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (accord) (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam)).

Because the Plaintiff appears to be a pre-trial detainee seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. §1915A; *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam).  Title 28 U.S.C. § 1915A authorizes dismissal of a prisoner's civil action complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  *See* 28 U.S.C. § 1915A(b)(1).  An action is frivolous if it "lacks an arguable basis either in law or fact."  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (internal quotations omitted).  To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has clarified that while the pleading standard of Rule 8 "does not require 'detailed factual allegations,'" it does demand "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

- 2 -

## II.  DISCUSSION

### A.    <u>Factual Allegations</u>

With the foregoing legal standards in mind, the Court turns to the instant Amended Complaint.  (DE 7).  Plaintiff contends that the constitutional violations arose on July 18, 2019, while a pre-trial detainee confined at the Broward County Main Jail.  (*Id.* at 5-16).  Plaintiff alleges that on July 18, 2019, at around 12:00 p.m., he and two other inmates were escorted from medical by Ofcr. Lamar.  (*Id.* at p. 3-5).  Plaintiff explains that after they arrived at the "unit," Ofcr. Lamar removed the handcuffs and leg restraints from the two inmates and allowed them to walk to their cells without an escort.  (*Id.* at 5).  Plaintiff alleges that Ofcr. Lamar did not remove his restraints like he did the other two inmates and accompanied him into his cell.  (*Id.* at 3-4).  Once inside the cell, Plaintiff alleges he was ordered to sit on his bunk, at which time Ofcr. Lamar removed Plaintiff's handcuffs and then began punching him in the face.  (*Id.* at 6).  Plaintiff maintains he "balled up," put his arms around his head and face to protect himself, and started screaming for help.  (*Id.*).  Plaintiff alleges Ofcr. Lamar continued punching, kicking, and stomping him in and about his body.  (*Id.*).  When Plaintiff tried to use his arm to shield his body, Plaintiff alleges that Ofcr. Lamar would then start punching, kicking, and stomping on his face and head.  (*Id.*).

While Ofcr. Lamar was punching, kicking, and stomping on his head, face, and body, Plaintiff alleges that Ofcr. St. Fard grabbed Plaintiff's arm, lifting the Plaintiff so that he could not lie face down on the bunk, shielding his head, face, and body, as Ofcr. Lamar continued repeatedly punching him in the face.  (*Id.* at 7).  Plaintiff claims Ofcr. St. Fard also used excessive force by stomping Plaintiff on the head, face, arms, legs, back, stomach, and hands.  (*Id.* at 12-13).

While the beating was ongoing, Plaintiff alleges that Sgt. Quest stood in the doorway to Plaintiff's cell, watching as the officers used excessive force and Plaintiff screamed for help.  (*Id.* at 8, 14).

As a result, Plaintiff states that when "the next shift came on" he told Ofcr. Anda about the incident earlier that day and declared a medical emergency during the entire shift.  (*Id.* at 8). Plaintiff claims Ofcr. Anda never sent him to medical for examination and treatment.  (*Id.* at 8-9). Plaintiff advised Ofcr. Anda he had thrown up blood, had blurry vision, and his ribs felt fractured. (*Id.* at 8).  Plaintiff alleges he also showed Ofcr. Anda the bruises on his face and body.  (*Id.*). Plaintiff further alleges he declared a medical emergency to a nurse, but Ofcr. Anda told her to give the Plaintiff an ice pack and a pain pill.  (*Id.* at 9).

On July 18, 2019, during the night shift, Plaintiff alleges that Defendant Nurse Doe did her medication rounds accompanied by Ofcr. Anda.  (*Id.*).  Plaintiff alleges he also declared a medical emergency to Defendant Nurse Doe, who then turned to Ofcr. Anda, asking what she should do. (*Id.* at 10).  In response, Plaintiff alleges, Ofcr. Anda instructed Nurse Doe not to send Plaintiff to medical and, instead, to provide him with an ice pack and pain pill.  (*Id.*).

Exhibits attached to Plaintiff's Amended Complaint reveal that Plaintiff was finally escorted to the Broward Jail infirmary on July 19, 2019 at 0215 hours.  (*Id.* at 24).  At that time, he was examined by Nurse S. Dane, who noted Plaintiff suffered "redness to right face, red spot to right eye, swollen and redness noted to left side of the back," and noted "swollen ribs" on the diagram of injury.  (*Id.* at 20).

Plaintiff seeks compensatory damages and punitive damages.  (*Id.* at p. 17).

**B.**  **Excessive Force Claim**

Plaintiff alleges that Defendants Ofcrs. Lamar and St. Fard used excessive force, stomping, kicking, and punching him in and about his head, face, and body.  (DE 1 at 7-8, 12).  Plaintiff denies doing anything to provoke such an attack.  (*Id.* at 6).  As a pre-trial detainee, Plaintiff's claim is governed by the Fourteenth Amendment, not the more strict Eighth Amendment standard governing convicted felons.[1]  *See Cottrell v. Caldwell,* 85 F.3d 1480, 1490 (11th Cir. 1996).  To state a claim of unlawful use of force as a pre-trial detainee, Plaintiff need only show that the force used against him was objectively unreasonable.  *See Robinson v. Lambert,* 753 F. App'x 777, 780 (11th Cir. 2018) (per curiam) (citing *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015)).  "This is a fact specific inquiry based on 'the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight,' taking into account the legitimate need of jail officials to maintain order and discipline in their facilities." *Id.* (quoting *Kingsley*, 135 S.Ct. at 2473).  In determining the reasonableness of the force used, courts consider several factors, including, but not limited to:

> the relationship between the need for the use of force and the amount of force used; the extent of plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley,* 135 S.Ct. at 2473.

---

[1] The Eighth Amendment governs the conditions and treatment received by **convicted prisoners** by prison officials banning the use of "cruel and unusual punishments."  *See Kingsley v. Hendrickson,* 135 S.Ct. 2466, 2475 (2015); *Miles v. Jackson,* 757 F. App'x 828, 929 (11th Cir. 2018) (citations omitted).  An officer's use of force violates the Eighth Amendment "only if the force 'was applied . . . maliciously and sadistically for the very purpose of causing harm.'" *Miles,* 757 F. App'x 828, 829 (11th Cir. 2018) (quoting *Campbell v. Sikes,* 169 F.3d 1353, 1374 (11th Cir. 1999) (quoting *Whitley v. Albers,* 475 U.S. 312, 320–21 (1986)).

Based on the allegations, which must be construed liberally at this preliminary stage, the use of force by Ofcrs. Lamar and St. Fard states a Fourteenth Amendment excessive force claim. *See Robinson,* 753 F. App'x at 780 (recognizing that some use of force may be required when a prisoner refuses an order or is resisting an officer, but it becomes excessive once there is no longer any need for it) (citing *Danley v. Allen,* 540 F.3d 1298, 1309 (11th Cir. 2008)).   Plaintiff has sufficiently alleged that there was no need for the use of excessive force by Ofcrs. Lamar and St. Fard.  Plaintiff has alleged the use of force resulted in injury that resulted in fractured ribs, bruising, blurry vision, and vomiting blood.  Thus, I find Plaintiff has stated that the use of force by Ofcrs. Lamar and St. Fard was objectively unreasonable. Consequently, the excessive force claim against Ofcrs. Lamar and St. Fard shall **PROCEED**.

## C. <u>Failure to Intervene</u>

Plaintiff alleges that Sgt. Quest stood in the doorway to his cell, witnessing the excessive use of force by Ofcrs. Lamar and St. Fard yet failed to intervene as Plaintiff screamed for help. (*Id.* at 7-8).  It is well established that "'an office who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'"  *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015) (quoting *Fundiller v. Cooper City,* 777 F.2d 1436, 1442 (11th Cir. 1985)).  It is not necessary that the officer actually participate in the use of force in order to be held liable under section 1983.  *Fundiller,* 777 F.2d at 1441.  Plaintiff has alleged sufficient facts to support a finding that Sgt. Quest was in a position to intervene, but failed to do so.  Thus, the failure to intervene claim against Sgt. Quest shall **PROCEED.**

### D.   <u>Deliberate Indifference</u>

Plaintiff raises a claim of deliberate indifference as to Defendants Ofcr. Anda and Nurse Jane Doe.  (*Id.* at pp. 8-10, 17).  The allegations against Ofcr. Anda and Nurse Doe stem from the denial of medical treatment to Plaintiff on July 18, 2019.  (*Id.*).  Plaintiff alleges after the beating by Ofcrs. Lamar and St. Fard, he suffered from serious medical conditions, including throwing up blood, blurry vision, and fractured ribs, but Ofcr. Anda and Nurse Doe refused to take him to the medical infirmary for examination and treatment.  (*Id.*).  Instead, Plaintiff alleges that Ofcr. Anda recommended that Plaintiff be given an ice pack and pain pill.  (*Id.*).

"Deliberate indifference to a prisoner's serious medical needs is a violation of the Eighth Amendment."  *Goebert v. Lee Cnty.,* 510 F.3d 1312, 1326 (11th Cir. 2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)).  "Technically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees. . .."  *Id.* (citing *Snow ex rel. Snow v. City of Citronelle, Ala.,* 420 F.3d 1262, 1268 (11th Cir. 2005)).  "However, the standards under the Fourteenth Amendment are identical to those under the Eighth [Amendment]."  *Id.* (citing *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.,* 402 F.3d 1092, 1115 (11th Cir. 2005)).  To state a deliberate indifference claim, a pretrial detainee must allege: (1) an objective component, by showing that he has a serious medical need; and, (2) a subjective component by showing that the jail official acted with deliberate indifference to that need.  *Id.; see also Estelle,* 429 U.S. at 104-05; *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003)).   Finally, Plaintiff must allege causation between the Defendants' indifference and the Plaintiff's injury. *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306-07 (11th Cir. 2009).

1.    *Objective Component*

With respect to the objective component of a deliberate indifference claim, a "serious medical need" can be demonstrated in one of two ways. The first is through evidence that the medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the need for a doctor's attention." *Mann,* 588 F.3d at 1307 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer,* 536 U.S. 730, 739 n. 9 (2002) (explaining that when a plaintiff alleges that delay in medical treatment constituted deliberate indifference, he "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed")). Alternatively, a plaintiff may prove that a serious medical need existed through evidence that delayed treatment worsened the medical condition. *See Mann,* 588 F.3d at 1307. Thus, a delay in treatment which exacerbates the condition, harms a prisoner's health, or results in a prisoner suffering substantial pain can demonstrate a serious medical need.  *See generally Estelle,* 429 U.S. at 105-06; *Mann,* 588 F.3d at 1307. Under either scenario, "[t]he medical need must be one that, if left unattended, poses a substantial risk of harm." *Mann* 588 F.3d at 1307 (quoting *Farrow,* 320 F.3d at 1243).  Thus, when reviewing a deliberate indifference claim based on a delay in medical care, district courts consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert,* 510 F.3d at 1327.  Plaintiff has alleged he suffered fractured ribs, blurry vision, and was throwing up blood resulting from the beating by Ofcrs. Lamar and St. Fard.  (*Id.* at 8-9).

Construed liberally, Plaintiff alleges that Ofcr. Anda and Nurse Jane Doe refused to take him to medical for evaluation and treatment of his injuries.  (*Id.*).  The Eleventh Circuit has made clear that deliberate failure to provide medical treatment for painful or progressive conditions can

violate the constitution. *McElligott v. Foley,* 182 F.3d 1248, 1257 (11th Cir. 1999) (finding terminal cancer evidenced by severe abdominal pain and significant weight loss violates the constitution). Thus, I find Plaintiff has alleged sufficient facts to demonstrate that he suffered a serious medical need, which, if left untreated, causes great pain.

    2.      *Subjective Component*

Once a serious medical need has been objectively established, the analysis shifts to the subjective component, which requires proof that a defendant acted with deliberate indifference to that need. "To establish deliberate indifference, a plaintiff must show that the defendant had: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.'" *Wright v. Langford*, 562 F. App'x 769, 778 (11th Cir. 2014) (per curiam) (quoting *Burnette v. Taylor,* 533 F.3d 1325, 1330 (11th Cir. 2008)). Plaintiff has alleged that both Ofcr. Anda and Nurse Jane Doe knew Plaintiff had been beaten, and yet they refused to take him to medical for examination and treatment. Thus, Plaintiff has alleged sufficient facts to support the subjective component of a deliberate indifference claim.

    3.      *Causation*

Plaintiff alleges that he has suffered great pain during the time he was denied any treatment following the beating until July 19, 2019 at 0215 hour. Thus, Plaintiff has alleged sufficient facts to demonstrate that this delay caused Plaintiff to experience physical pain and plausibly worsen of his condition. *See Carswell v. Bay Cnty.,* 854 F.2d 454, 457 (11th Cir. 1988) (finding deliberate indifference where medical staff diagnosed and provided some medication to the plaintiff, but plaintiff's condition worsened, and the jail medical staff failed to respond).

4.      Conclusion

Given the foregoing, Plaintiff has alleged sufficient facts to support a deliberate indifference claim against Defendants Ofcr. Anda and Nurse Doe.   Thus, the Fourteenth Amendment deliberate indifference claim shall **PROCEED** against Ofcr. Anda and Nurse Doe.

**E.**      **Official Capacity Claims**

Plaintiff sues each of the named Defendants in their official and individual capacities. (DE 7 at 4).  However, public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. *Barr v. Gee,* 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam) (quoting *West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir. 2007) (per curiam)). Further, "official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)(quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55 (1978)); *Christman v. St. Lucie County,* 509 F. App'x 878, 879 (11th Cir. 2013) (per curiam) (a § 1983 claim against a defendant in his official capacity is the same as a claim against his employer."). "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky,* 473 U.S. at 166. "In an official capacity action . . . [an] entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation [of a federal right] . . . thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* "To impose § 1983 liability on an [entity], a plaintiff must show: (1) that his constitutional rights were violated; (2) that the [entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004).

To hold a defendant liable as a supervisory official, Plaintiff must allege that "the

supervisor personally participate[d] in the alleged constitutional violation or [that] there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999). Plaintiff has failed to allege sufficient facts that the named Defendants were acting in a supervisory capacity at the Broward County Jail, implementing a policy or rule permitting the denial of medical care and allowing for the unlawful use of force. *See Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008). Vague and conclusory statements will not support a claim of supervisory liability. *See generally Gonzalez v. Reno,* 325 F.3d 1228 (11th Cir. 2003). Thus, the official capacity claim against the named Defendants is **DISMISSED**.

**F.    Request for Declaratory Relief**

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff also seeks relief under the Federal Tort Claims Act, 28 U.S.C. § 28 U.S.C. § 1346. Plaintiff also seeks a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Section 2201 provides, in pertinent part that "in a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). Thus, Section 2201, echoing the "case or controversy" requirement of Article III of the Constitution, provides that a declaratory judgment may only be issued in the case of an "actual controversy." Under the facts alleged, there must be a substantial continuing controversy between the parties having adverse legal interests. *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (citations omitted). Further, Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. *Id.* (citation

omitted).  Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate and create a definite, rather than speculative, threat of future injury.  *Id.*; *see also Medlmmune, Inc. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  The remote possibility that a future injury may happen is not sufficient to satisfy the "actual controversy" requirement for declaratory judgments. *Emory,* 756 F.2d at 1552 (citation omitted).

Plaintiff alleges he has been injured by Defendants' past conduct in 2019.  Plaintiff does not allege that he may once again be housed at the Broward Jail.  Indeed, the record reflects that at the time of filing the Amended Complaint, Plaintiff had been transferred from the Broward Jail to Century Correctional Institution in Century, Florida.  (DE 7 at 2).  As such, any possibility that he might someday be housed at the Broward Jail again is far too remote to be labeled a controversy. Therefore, Plaintiff's claim for declaratory judgment relief against the Defendants is subject to dismissal for failing to satisfy the "actual controversy" prerequisite of 28 U.S.C. § 2201. *See Emory*, 756 F.2d at 1552 (finding plaintiff's claim for declaratory relief for judge's past conduct "would be nothing more than a gratuitous comment without any force or effect.") (quoting *N. Va. Women's Med. Ctr. v. Balch*, 617 F.2d 1045 1049 (4th Cir. 1980)).  Because Plaintiff alleges facts that he was injured by the Defendants' past conduct, his claim for declaratory relief cannot proceed because he has not demonstrated a real and immediate threat, nor has he alleged that he will be affected by the unlawful conduct in the future. *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1328-29 (11th Cir. 2013).  Thus, his claim for declaratory relief is **DISMISSED**.

G.    **Claim for Relief Under the Federal Tort Claims Act, 28 U.S.C. § 1346**

Next, Plaintiff seeks relief under the Federal Tort Claims Act ("FTCA").  (DE 7 at 1-2). Plaintiff provides no facts to support a claim under the FTCA.

"The FTCA 'was designed to provide redress for ordinary torts recognized by state law.'"

*See Daniel v. U.S. Marshall Serv.*, 188 F. App'x 954, 959 (11th Cir. 2006) (per curiam) (quoting *Stone v. United States,* 373 F.3d 1129, 1130 (11th Cir. 2004) (per curiam) (quotations omitted)). Under the FTCA, Congress has authorized a limited waiver of sovereign immunity and imposes civil liability on the United States "for injury or loss of property, or person injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Duque v. United States,* 216 F. App'x 830, 831 (11th Cir. 2007) (per curiam) (quoting 28 U.S.C. § 1346(b)).   "The alleged tortfeasor must be an employee of the government." *See Duque,* 216 F. App'x at 831 (citing *Patterson & Wilder Constr. Co. v. United States,* 226 F.3d 1269, 1273–74 (11th Cir. 2000)).   "The FTCA defines an 'employee of the Government' to include 'officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity.'. . ." *Means v. United States,* 176 F.3d 1376, 1379 (11th Cir. 1999) (quoting 28 U.S.C. § 2671) (affirming a grant of summary judgment). Because the Plaintiff has not alleged any facts to demonstrate that the named Defendants were federal employees for purposes of the FTCA, his claim under the FTCA is **DISMISSED.**

**H.     Punitive Damages Claim**

Plaintiff also seeks punitive damages against the named Defendants.  (DE 7 at 17).  "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, . . . its intent standard, at a minimum, required recklessness in its subjective form."

- 13 -

*Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Smith*, 461 U.S. at 45–48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley*, 62 U.S. 202, 214 (1858). The unlawful use of force claim has been allowed to proceed against Dep. Cranmer, because Plaintiff has sufficiently alleged Dep. Cranmer acted with malice brutally beating him for no apparent reason while he lay on his bunk asleep. Thus, the punitive damages claim shall also **PROCEED** against the named Defendants.

I.      **Claim Against the Broward County Sheriff's Office**

Plaintiff sues the Broward County Sheriff's Office. (DE 7 at 1). He provides no facts to support a claim against this named Defendant. Also, the Broward County Sheriff's Office is not a proper defendant in a case brought under 42 U.S.C. § 1983 because it does not enjoy a separate legal existence independent of the County. *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a sheriff's office to be sued in federal court is governed by the law of the state in which the district court is located. *Faulkner v. Monroe Cnty. Sheriff's Dep't,* 523 F. App'x 696, 701 (11th Cir. 2013)(per curiam); *Wilk v. St. Lucie County Fla. Sheriff Office,* 740 F. App'x 658, 662 (11th Cir. 2018)(per curiam)(citing *Dean,* 951 F.2d at 1214 and Fed. R. Civ. P. 17(b)). Florida law has not established Sheriffs' offices as separate legal entities with the capacity to be sued. *See Faulkner,* 523 F. App'x at 701 (citing *Fla. City Police Dep't v. Corcoran,* 661 So. 2d 409, 410 (Fla. 3rd DCA 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law)); *Dean,* 951 F.2d at 1214 (noting that sheriff's departments and police departments are not legal entities subject to suit under § 1983). Thus, the Broward County Sheriff's Office "is not a proper defendant in a suit for damages" as it "does not have the capacity to sue and be sued." *Wilk,* 740 F. App'x at 662 (citing *Fla. City Police Dep't,* 661 So. 2d at 410).

- 14 -

Consequently, the Broward County Sheriff's Office is **DISMISSED** as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that:

1.  Plaintiff's deliberate indifference to a serious medical need claim shall **PROCEED** against Defendants, Ofcr. Anda and Nurse Jane Doe;

2.  Plaintiff's excessive use of force claim shall **PROCEED** against Ofcrs. Lamar and St. Fard;

3.  Plaintiff's failure to intervene claim shall **PROCEED** against Sgt. Quest;

4.  Plaintiff's punitive damages claim shall **PROCEED** against Ofcr. Lamar, Ofcr. St. Fard, Ofcr. Anda, Sgt. Quest, and Nurse Jane Doe;

5.  Defendant Broward County Sheriff's Office is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

**SIGNED** in Chambers at West Palm Beach, Florida, this 23rd day of June, 2022.

Donald M. Middlebrooks
United States District Judge

cc:
Rodney Hunter, *Pro Se*
DC#L66755
Century Correctional Institution
Inmate Mail/Parcels
400 Tedder Road
Century, FL 32535